# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN NELSON,

    Plaintiff,

v.                                          Case No. 13-CV-37

MILWAUKEE COUNTY, and,
SHERIFF DAVID A. CLARKE, JR.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR ATTORNEY'S FEES AND COSTS

Currently before the Court is plaintiff John Nelson's ("Nelson") motion for attorney's fees and costs associated with bringing a motion to compel. On October 28, 2013, Nelson filed a motion to compel the defendants to produce responses to plaintiff's First Request for Production of Documents Request Numbers: 2, 4, 7(a), 10, 15, 17, 18, 19, and 22. (Docket # 17.) Nelson further asked for his costs in bringing the motion. (*Id.*) The defendants responded to the plaintiff's motion on November 8, 2013 providing additional information. (Docket # 20.) Plaintiff replied on November 13, 2013 stating that the defendants' responses to document request numbers 18 and 19 were still incomplete. Request numbers 18 and 19 ask for the personnel and disciplinary records of Nancy Evans. A hearing was held on Nelson's motion on December 6, 2013 in which defendants' counsel represented that he had made repeated requests for the documents but was told by the County that there were no further responsive documents. (Docket # 23.) An evidentiary hearing was held on December 20, 2013 in which it was discovered that additional responsive documents may

exist that were not previously produced. Nelson renewed his request for fees and costs. The Court issued an Order on December 20, 2013 granting Nelson's motion to compel and ordering the defendants to produce Nancy Evans' internal affairs file under a protective order and to produce other personnel documents related to Evans. (Docket # 24.) The Court also ordered the defendants to conduct a search of their electronic documents for further materials responsive to Nelson's discovery requests. (*Id.*) The Court held Nelson's request for fees and costs in abeyance, allowing the parties to brief the issue.

A party which successfully brings a motion to compel discovery must be awarded "the movant's reasonable expenses incurred in making the motion," unless: (1) the motion was filed without the moving party first attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was "substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) further provides that reasonable expenses shall be paid only after affording the party whose conduct necessitated the motion an opportunity to be heard.

The Supreme Court has defined the term "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court of appeals for this circuit has further expounded, " '[ s]ubstantially justified ' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The defendants argue their nondisclosure was substantially justified because Nelson was "very specific as to the items that he was requesting, as well as where the items were located," and did not believe that Evans' internal

affairs file would have been included in the documents requests because the matter was open and ongoing. (Docket # 29 at 2.)

I do not agree the defendants' position was substantially justified. Request No. 18 asks the defendants to produce Nancy Evans' personnel file maintained by the Milwaukee County Sheriff's Office and Request No. 19 asks the defendants to produce Nancy Evans' complete disciplinary record during her employment with the Milwaukee County Sheriff's Office. (Affidavit of William R. Rettko, ¶ 2, Ex. A, Docket # 19-1.) While the defendants maintain that Nelson asked specifically for Evans' personnel file and the actual personnel file was produced (minus two documents that were later found and produced at the evidentiary hearing), Captain James Cox revealed at the evidentiary hearing that additional documents are maintained on the defendants' computer system that do not always make it into the personnel file but would nonetheless be a part of it. Although the defendants may have complied with the letter of the request, the defendants should have checked their computer system for these additional documents, as the Court later ordered it to do.

Further, although the defendants argue the internal affairs file is not a "disciplinary file," as was specifically requested by the plaintiff, Request No.19 does specifically request documents regarding a 2012 complaint of misconduct in public office and any and all complaints, rule violations, or charges filed against Evans. The request does not exclude open and ongoing matters. Once again, the defendants are taking an overly literal reading of the document request. While the plaintiff may have referred to the "disciplinary record," of Evans, the "internal affairs file" clearly contained information responsive to the plaintiff's request.

As such, the Court will award Nelson reasonable expenses incurred in making the motion. Nelson requests $6,041.78 in fees and costs. (Docket # 26.) The defendants do not address whether

they believe $6,041.78 is a reasonable amount. As such, the parties are directed to first attempt to agree on the amount of fees and costs incurred by Nelson in bringing his motion to compel. If the parties are unable to reach an agreement, plaintiff shall file a written submission in support of the reasonableness of his expenses by February 21, 2014 and the defendants shall file a response by March 3, 2014.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees and costs associated with bringing his motion to compel is **GRANTED**. The parties are directed to attempt to agree on the amount of fees and costs incurred by Nelson in bringing his motion to compel. If the parties are unable to reach an agreement, plaintiff should file a written submission in support of the reasonableness of his expenses on or before **February 21, 2014**. To expedite this matter, the defendants shall file a response to the plaintiff's submission on or before **March 3, 2014**.

Dated at Milwaukee, Wisconsin this 6th day of February, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge